## PLEADINGS—ERROR—EVIDENCE—SPECIFIC PERFORM-ANCE.

[Hamilton (1st) Circuit Court, March, 1904.]

Giffen, Jelke and Swing, JJ.

### FRANK J. SCHNITZER v. ROBERT S. COLE.

1. REVIEWING COURT WILL CONSIDER PLEADINGS AS PRESENTING CERTAIN ISSUE NOTWITHSTANDING FAILURE OF AVERMENT, WHEN.

   Where a case is tried upon the theory that the pleadings present an issue which, in reality, is averred as a mere conclusion of law, a court will consider the pleadings as presenting that issue, and allow amendments according to the proof.

2. ALLEGED ADMISSION OF DEFENDANT INSUFFICIENT TO ESTABLISH RIGHT TO SPECIFIC PERFORMANCE, WHEN.

   An alleged admission of the defendant in reference to a statement made in a saloon by the plaintiff that he had bought a lot of the defendant

upon certain named terms under a parol contract is not sufficient to establish the defendant's claim for specific performance against the positive testimony as to the terms of the agreement of both the defendant and his wife, who, with the plaintiff, were the only persons present when the contract was made.

APPEAL from Hamilton common pleas court.

**Renner & Renner,** for plaintiff.

**H. E. Engelhardt** and **W. W. Bellew,** for defendant.

### GIFFEN, J.

The answer of the defendant to the amended petition contains no general or other denial of the agreement set up, and the averment that "said verbal agreement was an option upon said lot for two weeks from the said May 12, 1903," is a mere conclusion of law, and presents no issue of fact. But inasmuch as the parties tried the case upon the theory that the pleadings presented an issue, whether the contract of sale was upon consideration that plaintiff pay the purchase money within two weeks from the date of the sale, we will so consider it.

At the time of the alleged sale the only persons present were the plaintiff, the defendant and his wife. The latter two both testify that the plaintiff first offered $225; that the defendant asked $275, and finally offered the lot to plaintiff for $250 if he would pay the same within two weeks from that time, and that plaintiff accepted. The plaintiff testifies that the time of payment was two or three weeks from date of sale.

The testimony of the witness, Breitfelder, is a recital of a conversation between witness, plaintiff, and defendant, had in a saloon soon after the contract had been made and the receipt for five dollars given, in which plaintiff said that he had bought a lot of defendant and was to have two or three weeks to close up the trade, to which statement the defendant assented. It is not claimed by the plaintiff that the contract was made or its terms altered at this time, but only that the defendant admitted the terms of the contract to be as the plaintiff testifies they were originally understood by him.

Without intending to discredit the witness, Breitfelder, we can only say that such an alleged admission, made under such circumstances, ought not to be considered as outweighing the positive statements of both the defendant and his wife of what took place at the time the contract was made. The receipt offered in evidence is in no sense a memorandum of the agreement, but only evidence of part payment in pursuance of that agreement. The parties elected to make a parol agreement, and the burden of proof being upon the plaintiff, we think he has failed to

Schnitzer v. Cole.

establish his claim for specific performance. It will be necessary however for the defendant to amend his answer in conformity with the proof made at the trial, when he will be entitled to a judgment.

**Jelke** and **Swing, JJ.,** concur.